**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

Revised 07/07 WDNY

FILED
MAY 16 2025
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

Mariah S. Okenwa

_____

_____
Name(s) of Plaintiff or Plaintiffs

**Jury Trial Demanded: Yes** X **No_____**

-vs-
New York State Office Of Mental Health

44 Holland Avenue
Albany Ny 12229
Name of Defendant or Defendants

**DISCRIMINATION COMPLAINT**
_____ -CV- _____

**25 CV 426**

You should attach a copy of your **original Equal Employment Opportunity Commission (EEOC) complaint**, a copy of the Equal Employment Opportunity Commission **decision, AND** a copy of the **"Right to Sue"** letter you received from the EEOC to this complaint. Failure to do so may delay your case.

**Note:** *Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.*

This action is brought for discrimination in employment pursuant to *(check only those that apply)*:

X     Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub.L.No. 102-166) (race, color, gender, religion, national origin).
> **NOTE**: In order to bring suit in federal district court under Title VII, you **must first obtain a right to sue letter** from the Equal Employment Opportunity Commission.

_____    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621-634 (amended in 1984, 1990, and by the Age Discrimination in Employment Amendments of 1986, Pub.L.No. 99-592, the Civil Rights Act of 1991, Pub.L.No. 102-166).
> **NOTE**: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you **must first file charges** with the Equal Employment Opportunity Commission.

X    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112-12117 (amended by the Civil Rights Act of 1991, Pub.L.No. 102-166).
> **NOTE:** In order to bring suit in federal district court under the Americans with Disabilities Act, you **must first obtain a right to sue letter** from the Equal Employment Opportunity Commission.

**JURISDICTION** is specifically conferred upon this United States District Court by the aforementioned statutes, as well as 28 U.S.C. §§ 1331, 1343. Jurisdiction may also be appropriate under 42 U.S.C. §§ 1981, 1983 and 1985(3), as amended by the Civil Rights Act of 1991, Pub.L.No. 102-166, and any related claims under New York law.

**In addition to the federal claims indicated above**, you may wish to include New York State claims, pursuant to 28 U.S.C. § 1367(a).

   X        New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297  (age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status).

## PARTIES

1.    My address is:   161 E. Utica st Buffalo Ny, 14209

    My telephone number is:  716-336-0653

2.    The name of the employer(s), labor organization, employment agency, apprenticeship committee, state or local government agency who I believe discriminated against me is/are as follows:

    Name:  Buffalo Psychiatric Center (BPC)

    Number of employees:  501

    Address:  400 Forest ave Buffalo NY 14213

3.    (If different than the above), the name and/or the address of the defendant with whom I sought employment, was employed by, received my paycheck from or whom I believed also controlled the terms and conditions under which I were paid or worked.  (For example, you worked for a subsidiary of a larger company and that larger company set personnel policies and issued you your paycheck).

    Name: _____

    Address: _____

## CLAIMS

4.    I was first employed by the defendant on (date): 02/23/2023

5.    As nearly as possible, the date when the first alleged discriminatory act occurred is: _____
June 2023
_____

6.    As nearly as possible, the date(s) when subsequent acts of discrimination occurred (if any did): September 12, 2023 – requested accommodation; employer delayed formal response.
November 24, 2023 – partial accommodation granted; mental health requests denied. April 15, 2024 –
submitted VWRS request . May 9, 2024 – VWRS review denied. November 18, 2024 – medically cleared to return to work
December 12, 2024 -evaluated by Dr. Hong (cleared to return); completed Dr. Lippoto's first assessment task. January 9, 2025 –
completed second half of psychological evaluation with Dr. Lippoto. January 31, 2025 – notified of retroactive termination

7.    I believe that the defendant(s)

a. _____        Are still committing these acts against me.
b. _X____        Are not still committing these acts against me.
(Complete this next item **only** if you checked "b" above)   The last discriminatory act against me occurred on (date) ___ January 31, 2025 _____
_____

8.    (Complete this section **only** if you filed a complaint with the New York State Division of Human Rights)

The date when I filed a complaint with the New York State Division of Human Rights is

_____
_ (estimate the date, if necessary)

I filed that complaint in (identify the city and state): _____
_____

The Complaint Number was: _____

9.    The New York State Human Rights Commission did _____ /did not _____ issue a decision. (**NOTE:** If it **did** issue a decision, you **must attach** one copy of the decision to **each** copy of the complaint; failure to do so will delay the initiation of your case.)

10.    The date (if necessary, estimate the date as accurately as possible) I filed charges with the Equal Employment Opportunity Commission (EEOC) regarding defendant's alleged discriminatory conduct is: _February 27, 2024 (charge #1) and February 5. 2025 (charge#2)

11.    The Equal Employment Opportunity Commission did _____ /did not _____ DID _____ issue a decision. (**NOTE:** If it **did** issue a decision, you **must attach** one copy of the decision to **each** copy of the complaint; failure to do so will delay the initiation of your case.)

12.    The Equal Employment Opportunity Commission issued the attached Notice of Right to Sue letter which I received on: 1st charge -February 19, 2025 (2nd)- April 25, 2025 ___ . (**NOTE:** If it

3

**did** issue a Right to Sue letter, you **must** **attach** one copy of the decision to **each** copy of the complaint; failure to do so will delay the initiation of your case.)

13. I am complaining in this action of the following types of actions by the defendants:

    a. _____ Failure to provide me with reasonable accommodations to the application process

    b. _____ Failure to employ me

    c. \_\_\_X\_\_\_ Termination of my employment

    d. _____ Failure to promote me

    e. \_\_\_X\_\_\_ Failure to provide me with reasonable accommodations so I can perform the essential functions of my job

    f. _____ Harassment on the basis of my sex

    g. _____ Harassment on the basis of unequal terms and conditions of my employment

    h. \_\_H\_\_\_ Retaliation because I complained about discrimination or harassment directed toward me

    i. _____ Retaliation because I complained about discrimination or harassment directed toward others

    j. \_\_X\_\_\_ Other actions (please describe) _____
    Forced to undergo psychological evaluation despite medical clearance; denied review of VWRS denial; employer failed to engage in interactive process under ADA and PWFA

14. Defendant's conduct is discriminatory with respect to which of the following *(check all that apply)*:

    a. _____ Race          f. _____ Sexual Harassment

    b. _____ Color         g. _____ Age

                                 _____ Date of birth

    c. \_\_X\_\_ Sex

                                  h. \_\_X\_ Disability

    d. _____ Religion                 Are you incorrectly perceived as being disabled by your employer?

    e. _____ National Origin            \_\_X\_ yes \_\_\_ no

15. I believe that I was \_\_X\_\_\_/was not _____ **intentionally** discriminated against by the defendant(s).

16.    I believe that the defendant(s) is/are _____ is not/are not are not still committing these acts against me.  (If you answer is that the acts are not still being committed, state when: January 31, 2025 and why the defendant(s) stopped committing these acts against you: Because I was terminated from employment effective December 20, 2024, and notified on January 31, 2025. I am no longer employed by the defendant.

17.    **A copy of the charge to the Equal Employment Opportunity Commission is attached to this complaint and is submitted as a brief statement of the facts of my claim.** (**NOTE:**  You **must** attach a copy of the **original complaint** you filed with the Equal Employment Opportunity Commission and a copy of the **Equal Employment Opportunity Commission affidavit** to this complaint; failure to do so will delay initiation of your case.)

18.    The Equal Employment Opportunity Commission *(check one)*:
_____ **has not** issued a Right to sue letter
___X___ **has** issued a Right to sue letter, which I received on First Charge 02/19/2025, 2nd Charge 04/19/25

19.    State here as briefly as possible the *facts* of your case.  Describe how each defendant is involved, including *dates* and *places*.  Do not give any legal arguments or cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. *(Use as much space as you need.  Attach extra sheets if necessary.)*

I was employed by the New York State Office of Mental Health. I requested accommodations for pregnancy and mental health. Only partial accommodations were granted. I was medically cleared to return to work, but instead was forced into an unnecessary evaluation. I was terminated without an opportunity to appeal. See attached "Statement of Facts" for full details and timeline.

## FOR LITIGANTS ALLEGING AGE DISCRIMINATION

20.    Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct
_____ 60 days or more have elapsed    _____ less than 60 days have elapsed

## FOR LITIGANTS ALLEGING AN AMERICANS WITH DISABILITIES ACT CLAIM

21.    I first disclosed my disability to my employer (or my employer first became aware of my disability on September 2023

22. The date on which I first asked my employer for reasonable accommodation of my disability is _September 2023_

23. The reasonable accommodations for my disability (if any) that my employer provided to me are: _None provided for mental health. I was only granted limited physical restrictions related to pregnancy_ _(no lifting over 15 lbs, exemption from physical instruction_

24. The reasonable accommodation provided to me by my employer were _____/were not _were not_ effective.

**WHEREFORE,** I respectfully request this Court to grant me such relief as may be appropriate, including injunctive orders, damages, costs and attorney's fees. *See Relief and Damages Sought attached

Dated: _5/17/25_                              _Mariah S. Okenwa_

Plaintiff's Signature

6

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NEW YORK

------------------------------------------------------------

| | |
|---|---|
| Mariah S. Okenwa, | ) |
| Plaintiff, | ) |
| | ) Case No. _____ |
| v. | ) |
| | ) |
| New York State Office of Mental Health, | ) |
| Defendant. | ) |

------------------------------------------------------------

## STATEMENT OF FACTS

1. I was hired by the New York State Office of Mental Health (OMH) on February 9, 2023, as a Training Specialist 1 in the Staff Growth and Development Department at Buffalo Psychiatric Center.

2. In March 2023, I informed Acting Director Nancy of the Staff Growth and Development Department that I had Polycystic Ovarian Syndrome (PCOS) and that my husband and I were starting fertility treatments. I stated that due to the clinic's hours (Monday to Friday, 7:00 AM to 3:00 PM), I might occasionally need time off during work hours.

3. In June 2023, Jennifer Kubsiack took over as Acting Director. During a supervision meeting, I informed her about the ongoing fertility treatments. She expressed concern about approving time off and insisted appointments be scheduled around my work hours. I explained that my treatments were specialized and time-sensitive.

4. I requested Jennifer to inform Michelle Gillinski, the incoming permanent Staff Growth and Development Director, of my situation. Despite this, I began facing repeated scrutiny over my use of time off.

8. On July 27, 2023, I missed my first scheduled IUI (intrauterine insemination) appointment due to fear of Jennifer's ongoing responses. I then spoke with Human Resources Director Tanika Blanc about my concerns regarding Jennifer's behavior and how it was affecting my access to medical care.

9. On September 8, 2023, I informed Nicole Strassheim (HR Specialist Trainee) that I was pregnant. She told me to file an internal Voluntary works schedule reduction (VWRS). I was then told by Amanda Royce (HR Specialist Trainee) I was ineligible for voluntary work schedule reduction. Danielle P. Bierfeldt (HR Specialist 2) later confirmed that Nicole's information was incorrect and encouraged me to proceed with the RA application. I was formally diagnosed with trauma-related symptoms on about August 29, 2023, and shortly thereafter submitted documentation supporting my Reasonable Accommodation request

10. My RA request, submitted on or about September 12, 2023, asked for intermittent breaks, flexible days off for medical appointments, and exemption from physical training duties. My Reasonable Accommodation (RA) request, submitted on or about September 12, 2023, asked for intermittent breaks, flexible time off for medical appointments, and exemption from physical training duties. The request was supported by documentation from my treating therapist and OBGYN. Accommodation included flexibility to attend weekly mental health appointments and adjusted breaks during the workday.

11. Around October 20, 2023, during a training session co-led with Amber DeCarlo, she asked me in front of participants to demonstrate a choke release technique. She then stated aloud, "I'm sure you couldn't wait for this," implying inappropriate intent. I did not respond to the comment. This public remark contributed to a hostile and uncomfortable work environment, particularly given my pregnancy and pending accommodation request.

12. On or about September 25, 2023, my psychotherapist submitted a health provider form supporting my RA request related to my mental health.

13. On October 16, 2023, during a supervision meeting, Michelle Gillinski asked me if I was comfortable completing the physical TRUST training. I initially said yes, but later that same week, I returned to her office to clarify that due to my pregnancy, I was unable to perform the physical portions of the restraint and defensive techniques. I also informed her that I needed assistance preparing CPR equipment due to its weight. I requested that, while waiting for a decision on my RA application, I be permitted to support dyadic trainings by reading slides and observing participants. Michelle later told me she had spoken with HR, and they could not approve any interim modifications because it was the RA department's responsibility.

13a.Later that same day, I met with Tanika Blanc, HR Director, and formally requested a leave of absence until the RA department reached a determination. Tanika stated that a leave of absence could not be approved because "there is no one to replace you in your department." During this time, I remained under pressure to perform physically demanding duties despite expressing medical concerns and ongoing symptoms. This contributed to increased anxiety, fear of workplace retaliation, and emotional distress, while I awaited a decision regarding my accommodations.

14. On October 22, 2023, I was hospitalized for pregnancy-related complications and notified my supervisor via text. Despite this, I was marked for two unscheduled absences on

October 23. I provided a doctor's note, but HR insisted a formal slip was required beforehand.

15. On November 9, 2023, I informed Danielle Bierfeldt that I feared for my safety due to being scheduled to teach physical restraint training. She stated that refusing to train could result in a write-up. I called the RA department urging for a decision. Later that day, Michelle Gillinski exempted me from performing physical restraints and told me to observe instead.

16. On November 14, 2023, during supervision with Michelle and Amber DeCarlo, I was questioned in a condescending manner regarding my competence and decisions during the November 9 training. This caused severe emotional distress and panic symptoms.

17. I stepped out of the meeting and later returned, only to be met by Tanika Blanc. I expressed that the meeting was discriminatory and emotionally unsafe. Tanika stated that union representation was not applicable in this case but agreed to meet with me separately.

18. Later that same day, I met privately with Human Resources Director Tanika Blanc to discuss what had occurred during the supervision meeting with Michelle Gillinski and Amber DeCarlo. I informed her that their conduct was intimidating, discriminatory, and emotionally unsafe. Tanika stated that she was surprised to see me at Michelle's office and acknowledged that Michelle and Amber had falsely told her I had refused to meet with them. I shared that Amber had made an inappropriate comment during a previous training on October 20, 2023, and that I felt targeted in anticipation of my probation review. Tanika responded, "They think I'm taking your side." Although OMH policy requires HR to initiate discrimination complaints reported by employees, she did not file a complaint on my behalf. Instead, she emailed me a link and instructed me to submit it myself.

19. On November 15, 2023, I received my RA determination letter. I responded the next day questioning the denial of mental health accommodations. Meghan Laraway later admitted that my therapist's form had been overlooked.

21. On or about November 17, 2023, I received notification from the Reasonable Accommodation (RA) department that my accommodation request—submitted to address both pregnancy-related limitations were partially approved and mental health conditions— had not been approved. Stating the following-

notice acknowledged my ineligibility for FMLA until February 2024 and stated: "We recognize that your eligibility for FMLA (Family Medical Leave Act) will not be available to you until your full year of employment in February 2024. We urge you to explore this resource at that time. Additionally, you may also want to consider your options in taking leave without pay, until your probationary period is complete. Please contact your Human Resources department for more information on these two options. Please discuss any questions regarding the implementation of the accommodation with your supervisor. A letter from the Commissioner of the Department or the Designee for Reasonable Accommodation, Talia Santiago-Bonds, confirming this decision will be sent to you within

the next week once you accept the accommodation." Despite this final determination, the emotional and logistical burden of navigating implementation with my supervisors remained unresolved.

22. After this denial, I continued to experience daily scrutiny, including being watched during calls, breaks, and bathroom use. My health significantly declined.

23. On December 19, 2023, I was asked to substitute in a training due to another trainer's late arrival. Despite feeling unwell, I complied. I was in visible pain throughout the day. That evening, I was hospitalized and lost my baby at 9:36 PM.

25. In April 2024, I submitted a new Voluntary Work Schedule Reduction (VWRS) request in preparation to return to work in May 2024. This request was made in good faith, reflecting my desire to resume employment in a gradual and sustainable manner.

26. Following the loss of my daughter on December 19, 2023, I requested six weeks of maternity leave due to her being born alive and passing shortly after birth. My request was approved by HR Director Tanika Blanck, and I was placed on parental leave through approximately January 31, 2024

27. In February 2024, once I became eligible for FMLA, I was granted leave under that policy. I also used any remaining sick leave, PTO, and approved leave without pay (LWOP) hours to extend my recovery time.

28. On or about May 9, 2024, I received notification that the VWRS was denied. The reasons cited was internal staffing needs and an inability to shift my schedule despite the pending return date and my medical clearance. Due to this denial and the continued failure to provide reasonable accommodation, my medical team extended my return-to-work date to approximately November 16, 2024. This created further delays in my ability to return, despite my willingness and readiness to do so.

29. On January 9, 2025, I was evaluated by Dr. Janine Lippto for a psychological fitness-for-duty evaluation, which had been scheduled after I had already received return-to-work clearance from two physicians in November 2024.

30. Dr. HongBiao Liu, who evaluated me on December 12, 2024, had clearly written that I could return to work without restrictions. However, my employer misrepresented his findings, stating that both evaluators found me unfit.

31. On January 29, 2025, I received a letter stating I was terminated effective retroactively to December 20, 2024, despite never being allowed to return after my medical clearance.

32. At no point was I given the option to appeal the fitness-for-duty determinations, review the results, or formally respond prior to termination.

33. The psychological evaluation conducted by Dr. Lippto did not assess my actual job duties. It instead relied on general psychological testing and did not reference or analyze how my symptoms impacted my core work functions

34. I did not request the EHS psychological evaluation. My employer initiated it without documented justification or a clear link to business necessity.

35. I received notice of termination in January 2025 and was informed that I had been terminated retroactively effective December 20, 2024. As a result of this termination, I lost access to state benefits, was denied unemployment, lost medical insurance, and was unable to vest in the NYS retirement system, despite having nearly two years of service.

36. On or about April 19, 2025, I participated in a phone call with the EEOC investigator assigned to Charge No. 525-2025-00901. During the call, I clarified that I had never requested the psychological fitness-for-duty evaluation that ultimately contributed to my termination. I stated that I had been cleared to return to work by my OBGYN on November 18, 2024, and by a second physician on November 19, 2024. I informed the investigator that one of the EHS evaluators, Dr. HongBiao Liu, cleared me to return without restrictions, and that the employer had misrepresented this fact by stating that both evaluators found me unfit.

37. I also explained during the call that the second EHS evaluation, conducted by Dr. Janine Lippto on January 9, 2025, did not assess my ability to perform the essential functions of my job. Instead, her findings were based on a personality test administered in December 2024, prior to our meeting. I stated that I did not express suicidal ideation during either evaluation and that I was not provided with a formal appeals process before my termination was finalized. I raised concern that I was not offered the opportunity to contest the fitness-for-duty determination before receiving a termination letter dated January 29, 2025.

38. In April 2025 The investigator acknowledged that the EEOC would not provide a written summary of the call, correction of factual errors previously sent in their email communication, or a follow-up clarification acknowledging receipt of my supplemental documentation. I was informed that the case recommendation for dismissal had already been submitted but that the final decision rested with the EEOC director. I was advised that if no further action was taken, the matter would result in a right-to-sue notice. I then called the EEOC headquarters and asked to speak with a supervisor after receiving a factually incorrect dismissal summary. I did not receive a follow-up prior to the case being closed...

Respectfully submitted,

5/17/25
_____

Dated

_____
Mariah S. Okenwa, Plaintiff

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NEW YORK

---------------------------------------------------------

Mariah S. Okenwa,                    )

   Plaintiff,                         )

                             )   Case No. _____

       v.                         )

                             )

New York State Office of Mental Health,      )

   Defendant.                        )

---------------------------------------------------------

## RELIEF REQUESTED BY PLAINTIFF

1. Compensation for Lost Wages and Employment Benefits

- Lost salary (based on annual earnings of ~$63,000)

- Denied unemployment benefits

- Missed PTO and sick leave accruals

- Unpaid medical insurance premiums

- Out-of-pocket healthcare costs

2. Compensation for Emotional Distress and Psychological Harm

- Harm from forced evaluation, termination, and procedural trauma

- Ongoing mental health symptoms including panic, trauma, and depression

- Emotional pain from pregnancy loss and inability to pursue fertility care

- Emotional toll from being unable to afford a burial and choosing cremation for my daughter

3. Compensation for Lost Retirement and Future Career Impact

- I was 1 year and 10 months into the 5-year vesting period in the NYS Retirement System

- Permanent loss of pension eligibility and future retirement benefits

4. Career Redirection Costs / Therapy Practice Recovery

- I began building a private therapy practice after leaving employment due to trauma and safety concerns

- Costs include startup, business development, branding, and lost income from slow client ramp-up

- I plan to expand into a group practice and potentially purchase or build office space

5. Educational Opportunity Loss

- I was accepted into a doctoral program in June 2024

- NYS has new licensing requirements for my profession. Therefore, continued education is needed.

- I could not enroll or complete education due to emotional distress, instability, and financial hardship

6. Attorney Fees

- My attorney will likely pursue recovery of legal fees through court-awarded damages or contingency

- If awarded through settlement, a 30% contingency fee may apply

Estimated Damages Summary

Based on documented economic loss, emotional distress, career disruption, and future goals, I respectfully seek total compensation in the estimated range of $220,000 – $265,000.

This estimate reflects:

- Lost income and benefits

- Health insurance and medical costs

- Emotional distress and psychological harm

- Missed educational opportunity

- Investment in private practice and future business loss

- Retirement losses and attorney fees (if not separately awarded)

Closing Statement

While my termination occurred in 2024, the psychological harm, denied accommodations, and ongoing hostility began as early as June 2023. These unresolved workplace issues and procedural missteps contributed to long-term financial, emotional, and professional harm. Most devastating of all, I lost my daughter in December 2023 and could not afford to bury her. My family was forced to choose cremation, which compounded the grief and trauma we were already facing. I am seeking compensation not just for what was lost, but to reclaim the stability, opportunity, and dignity that was taken. This includes my right to build a secure future, care for my health, and continue serving others through my therapy practice.

Respectfully submitted,

5/17/25
_____
Dated

_____
Mariah S. Okenwa, Plaintiff

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Buffalo Local Office**
300 Pearl St, Suite 450
Buffalo, NY 14202
(716) 431-5007
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 04/29/2025

**To:** Mrs. Mariah Okenwa
161 E. Utica St
Buffalo, NY 14209

Charge No: 525-2025-00901

EEOC Representative and email:    NELIDA SANCHEZ
Senior Investigator
nelida.sanchez@eeoc.gov

---

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

**Maureen C. Kielt** Digitally signed by Maureen C. Kielt
Date: 2025.04.29 09:44:35 -04'00'

Maureen Kielt
Local Office Director

**Cc:**
Jesse Snyder
New York State Office of Mental Health
44 Holland Ave
Albany, NY 12208

Jared Hickey
New York State Office of Mental Health
44 Holland Ave
Albany, NY 12208

Please retain this notice for your records.

EEOC No. 525-2025-00901 | FEPA No.

# CHARGE OF DISCRIMINATION

Form 5 (06/24)

This form is affected by the Privacy Act of 1974.
See attached Privacy Act Statement and other information before completing this form.

| CHARGE PRESENTED TO: | AGENCY CHARGE NO. |
|---|---|
| EEOC | 525-2025-00901 |
| New York State Division Of Human Rights | |

Name *(indicate Mr., Ms., Mrs., Miss, Mx., Dr., Hon., Rev.)*: Mrs. Mariah Okenwa

Phone No.:        716-336-0653

Year of Birth:    1993

Mailing Address: 161 E. Utica St , BUFFALO, NY 14209

Named below is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency that I believe discriminated against me or others.

Name: NEW YORK STATE OFFICE OF MENTAL HEALTH

No. Employees, Members: 501+ Employees

Phone No.:

Mailing Address: 400 FOREST AVE

BUFFALO, NY 14213, UNITED STATES OF AMERICA

Name:

No. Employees, Members:

Phone No.:

Mailing Address:

DISCRIMINATION BASED ON:

Disability, Pregnancy, Retaliation

DATE(S) DISCRIMINATION TOOK PLACE

Earliest: 12/20/2024

Latest: 12/20/2024

THE PARTICULARS ARE:

I am a qualified individual with a disability, and I previously filed a charge of discrimination against the Respondent, New York State Office of Mental Health, with the EEOC in or around February 2024. While participating in a protected activity my employer engaged in retaliatory actions after I was medically cleared to return to work on November 18, 2024. Respondent required unnecessary physical and psychological assessments, delaying my return to work. Due to these delays, I was not reinstated to payroll, and my medical insurance was canceled because I couldn't pay the premium. This prevented me from continuing necessary mental health and medical treatment. My psychological evaluation, scheduled for December 12, 2024, was canceled and rescheduled for January 9, 2025, causing further delays. These actions caused significant financial, emotional, and psychological harm. I believe they were retaliatory and created unnecessary barriers to my return to work. On approximately January 31st, 2025, I received a letter from Respondent stating that I was terminated from my employment, effective December 20th, 2024. Thus, I believe I have been retaliated against for participating in a protected activity, when I complained about job discrimination, in willful violation of Title VII of the Civil Rights Act of 1964, Title I of the Americans with Disabilities Act of 1990, and the Pregnant Workers Fairness Act of 2023, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct, and that I have read each page of this form.

Digitally Signed By: Mrs. Mariah Okenwa
02/05/2025
_____
Charging Party Signature & Date

If a state or local Fair Employment Practices Agency (FEPA) requires notarization, you may need to sign the charge in the presence of a notary. If so, please do so here.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information, and belief.

_____
Notarized Signature of Charging Party

Subscribed and sworn to before me this date:

Signature of Notary_____
Printed Name _____

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Houston District Office**
1919 Smith Street, 6th Floor
Houston, TX 77002
(346) 327-7700
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 02/19/2025

**To:** Mrs. Mariah S. Okenwa
161 E. Utica street
Buffalo, NY 14209
Charge No: 525-2024-00842

EEOC Representative and email:     JESUS SANTIAGO
Investigator
jesus.santiago@eeoc.gov

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By:Rayford O. Irvin
02/19/2025
Rayford O. Irvin
District Director

**Cc:**

Jared B. Hickey
Associate Counsel
Office of Mental Health
44 Holland Avenue,
Albany, NY 12229


Please retain this notice for your records.

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC <br> FEPA | 525-2024-00842 |

| New York State Division Of Human Rights | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| I Name (*indicate Mr., Ms., Mrs., Miss, Mx., Dr., Hon., Rev.*) | Home Phone | Year of Birth |
|---|---|---|
| Mrs. Mariah S. Okenwa | 716-336-0653 | 1993 |

Street Address

161 E. Utica street

BUFFALO, NY 14209

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| New York State Office of Mental Health | 501+ Employees | |

Street Address

400 FOREST AVE

BUFFALO, NY 14213

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| | Earliest — 06/01/2023     Latest — 12/19/2023 |
| Disability, Pregnancy, Sex | |
| | Continuing Action |

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s)*):

I am a qualified individual with a disability. Respondent is aware of my disability. I am also a female. On or about September 8, 2023, I made Respondent aware that I was pregnant. I believe that I have been denied reasonable accommodation, subjected to different terms and conditions of employment, and I have been subjected to hostility because of my sex/female, my pregnancy, and my disability in violation of Title VII of the Civil Rights Act of 1964, as amended, the Pregnant Workers Fairness Act, and the Americans with Disabilities Act of 1990, as amended.

I was hired on or about February 9, 2023. In March 2023, I made my supervisor at that time aware that I was starting a medical treatment, and that I was going to do my best to schedule my medical appointments to not conflict with my work schedule. My supervisor was very understanding, and I was accommodated. However, in June 2023, Jennifer Kubsiack took over the department as the Acting Director. I made her aware of my medical appointments and the need for reasonable accommodation (schedule flexibility) but she subjected me to scrutiny and insisted that I avoid scheduling

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. <br><br> **Digitally Signed By: Mrs. Mariah S. Okenwa** <br><br> **02/27/2024** <br><br><br> *Charging Party Signature* | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. <br> SIGNATURE OF COMPLAINANT <br><br><br> SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |

Page 1 of 3

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC<br><br>FEPA | 525-2024-00842 |

| New York State Division Of Human Rights | and EEOC |
|---|---|
| *State or local Agency, if any* | |

my medical appointments to conflict with my work schedule. I was treated with hostility by Ms. Kubsiack compared to how she treated other employees. I complained internally about Ms. Kubsiack's hostility, but nobody was willing to intervene.

On September 8, 2023, I made Respondent aware that I was pregnant. On or about September 12, 2023, I requested reasonable accommodation for my pregnancy, such as intermittent breaks throughout the workday up to 60 minutes in addition to breaks provided by the employer, time off for appointments, days off to be flexible due to provider's appointment availability, and exemption from physical TRUST curriculum-trainings such as physical restraints and defensive techniques. Respondent provided me with misinformation regarding the process of requesting reasonable accommodation for my pregnancy. I did not receive an official response granting me the reasonable accommodation that I needed, so the hostility continued. On or about November 9, 2023, I went to Danielle Bierfeldt and expressed concerns about my physical safety while pregnant due to my reasonable accommodation taking longer than I expected. Consequently, on December 19, 2023, my pregnancy ended. I continue to be subjected to hostility and scrutiny.

I reported to the HR director Tanika Blanc multiple incidents of micro aggression, discrimination, and instances of intimidation, and no action was taken. My current director, Michelle Gillinski and supervisor Amber Decarlo on multiple occasions on performance reviews and during supervision, harassed, intimated and scrutinized my use of time for medical appointments.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>**Digitally Signed By: Mrs. Mariah S. Okenwa**<br><br>**02/27/2024**<br><br><br>*Charging Party Signature* | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED  AND  SWORN  TO  BEFORE  ME  THIS  DATE<br>(*month, day, year*) |

Page 2 of 3